UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JARED GUTIERREZ, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ESMERALDA BRISENO-GUZMAN dba PEPE'S FOODS AND PEPE'S FOODS, INC.,<br><br>　　　　Defendant. | Case No. 5:15-cv-00876-HRL<br><br>**ORDER GRANTING PLAINTIFFS' SECOND MOTION ENFORCE SETTLEMENT**<br><br>Re: Dkt. No. 39 |

Plaintiffs brought this suit against Esmeralda Briseno-Guzman, dba Pepe's Foods and Pepe's Foods, Inc., alleging wage and hour violations. The parties eventually reached a settlement, and the court retained jurisdiction to enforce it. (Dkt. 31).

Plaintiffs subsequently filed a motion to enforce the settlement, arguing that defendant failed to make one of the agreed-upon payments. (Dkt. 33). That motion was terminated after plaintiff advised at the motion hearing that defendant had cured the complained-of default.

Now, plaintiffs once again move to enforce the settlement, this time arguing that defendant failed to make the final settlement payment of $10,000, which was due by September 1, 2017. The court received no opposition to the motion, and there was no appearance by either side at the May 1, 2018 motion hearing. All parties expressly consented that all proceedings in this matter

may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Upon consideration of the record presented, the court grants plaintiffs' motion.

"Federal courts 'have no inherent power to enforce settlement agreements entered into by parties litigating before them.'" *K.C. ex rel Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) (quoting *Arata v. Nu Skin Int'l, Inc.*, 96 F.3d 1265, 1268 (9th Cir. 1996)). "Rather, courts have ancillary jurisdiction to enforce a settlement agreement only 'if the parties' obligation to comply with the terms of the settlement agreement ha[s] been made part of the order of dismissal---either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'" *Id.* (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994)).

To be enforceable, a settlement must meet two requirements. First, it must be a completed agreement. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir.1987). Second, both sides must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute. *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977).

As discussed above, this court issued an order expressly retaining jurisdiction to enforce the settlement. The court has been presented with no dispute as to the existence or terms of a completed settlement agreed to by both sides. Indeed, both sides jointly advised that they agreed upon a settlement (Dkt. 30), and the prior motion to enforce the settlement resolved on its own after defendant cured the default. Papers presented to the court on the instant motion indicate that defense counsel told plaintiffs that defendant intended to make the final payment at issue. (Dkt. 39-4 at 1). Plaintiffs said that, if the final payment was delivered and deposited, they would withdraw the present motion to enforce. And, as noted, the court has received no opposition to the present motion. However, the court has not been advised that the payment has been made.

Accordingly, plaintiffs' motion to enforce the settlement is granted. Judgment of $10,000

shall be entered in favor of plaintiffs and against defendant.

SO ORDERED.

Dated: May 8, 2018

HOWARD R. LLOYD
United States Magistrate Judge